IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **RODERICK MAURICE WHITE,** : | |
| : | |
| **Plaintiff** : | |
| : | Civil NO. 7:14-CV-117-HL-TQL |
| VS. : | |
| : | |
| **MR. STATEN, et al,** : | |
| : | |
| **Defendants** : | |

## O R D E R

*Pro se* Plaintiff Roderick Maurice White, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, filed the instant action under 42 U.S.C. § 1983. (EFC No. 1). On April 1, 2015, this Court issued an Order (ECF No. 39) accepting, without objection from Plaintiff, the Magistrate Judge's Report and Recommendation (ECF No. 37) that Defendants' Motion to Dismiss be granted. Judgment was entered the same day (EFC No. 40). Plaintiff has now filed a Notice of Appeal (ECF No. 44); Motion to Proceed *in forma pauperis* on appeal (ECF No. 49); Motion for the appointment of counsel (EFC No. 42-3); Motion to Compel the Clerk to Produce Exhibits (ECF No. 43); Motion for Service of Subpoena (ECF No. 46); and Motion to Compel the Clerk of Court to provide him with copies of the Order and Judgment entered on April 1, 2015 (ECF No. 48).

I.      Notice of Appeal

Rule 4 of the Federal Rules of Appellate Procedure sets the time for filing a notice of appeal. Generally, "the notice of appeal . . . must be filed with the district clerk within thirty days after entry of the judgment or order appealed therefrom." Fed. R. App. P. 4(a)(1)(A). The district court, however, is vested with discretion to reopen the time to appeal if (1) the court finds that the moving party did not receive notice of the judgment or order sought to be appealed within 21 days of entry; (2) the motion is filed within 180 days after the judgment or order is entered or 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier, and (3) the court finds that no party would be prejudiced by reopening the time for filing an appeal. Fed. R. App. P. 4(a)(6).

In this case, Plaintiff filed his "Notice of Appeal" on June 6, 2015 – sixty-six (66) days after the entry of judgment. In his Notice, however, Plaintiff does not directly challenge the underlying grounds for dismissal, i.e., lack of exhaustion. Plaintiff instead complains that he did not receive a copy of the Order and Judgment entered in this case and only learned of the dismissal after receiving a copy of the docket sheet dated June 3, 2015, more than two months after the dismissal.[1] *See* Notice of Appeal 1-2, ECF No. 44.

---

1 In his Notice of Appeal, Plaintiff also objects to the filing dates shown on the Docket Sheet. The Docket Sheet merely reflects the date that Plaintiff's submission was received and docketed by the Clerk. Under the "mailbox rule," however, a prisoner pleading is deemed filed on the date he signs the document and presumably delivers it to prison

Plaintiff argues that he was thereby denied the opportunity to file a motion for reconsideration or timely appeal. *Id.* Therefore, having now considered Plaintiff's "Notice of Appeal," the Court construes his pleading, not only as a notice of appeal, but also as a motion to reopen the time for filing an appeal under Rule 4(a)(6).

Here, judgment was entered on April 1, 2015. The Docket shows, however, that the day *after* judgment was entered, April 2, 2015, the Court received notice of a change in Plaintiff's address (ECF No. 41), which was signed by Plaintiff on March 24, 2015; Plaintiff had thus been transferred from Valdosta State Prison to Augusta State Medical Prison sometime before this date.[2] The change of address was noted by the Clerk at that time, but there is no entry showing that the dismissal Order and Judgment entered on April 1, 2015, were re-mailed to Plaintiff's new address. Two months later, on June 3, 2015, the Court received a second notice of a change of address (ECF No. 42). This notice was apparently mailed by Plaintiff on or about May 28, 2015, and states that Plaintiff had been transferred to Georgia State Prison in Reidsville, Georgia on May 20, 2015. The second notice suggests that Plaintiff had not yet been made aware of the dismissal of his case

---

officials for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993). Rule 4 likewise provides that an inmate's notice of appeal will be deemed timely "if it is deposited in the institutions internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1).

2. Plaintiff could have been transferred from Valdosta prior to entry of the Magistrate Judge's Order and Recommendation (O&R) on March 12, 2015. Plaintiff does not indicate whether he received a copy of the O&R, but he did not file any objection during the time provided.

because he moved to amend his complaint and for the appointment of counsel. *See id.* The second change of address was also noted in the Docket, but there is again no docket entry showing that copies of the Order and Judgment were provided for Plaintiff. Plaintiff subsequently received a copy of a Docket Sheet dated June 3, 2015 and states that he had no knowledge of the dismissal before that time. Plaintiff's "Notice of Appeal" is dated three days later, June 6, 2015.

In light of these facts, there is good cause for reopening the time for appeal. *See* Fed. R. App. P. 4(a)(6). The Court finds that Plaintiff did not receive notice of the Order or Judgment within twenty-one days of entry, and the construed motion to reopen the time for appeal was filed within 180 days after the judgment was entered and within fourteen days of Plaintiff's learning of the judgment (Plaintiff asserts that he still has not received a copy of the Order and Judgment). The Court further finds that no party should be prejudiced by the reopening of the time to file an appeal in this case. In this context, the term "prejudice" is defined as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." *See* Fed. R. App. P. 4(a)(6) advisory committee's note to 1991 amendment. "Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." *Id.* It is highly unlikely that Defendants have taken any action in reliance on the expiration of the normal time for appeal in this case – especially given the relatively short period of delay. Plaintiff's

construed motion to re-open the time for appeal is thus **GRANTED** and his Notice of Appeal is deemed timely.

## II.     Motion to Proceed *In Forma Pauperis*

In light of the facts discussed above, the Court cannot find that Plaintiff's appeal is entirely frivolous. His Motion to Proceed *in forma pauperis* on Appeal is thus **GRANTED**. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

## III.    Motions to Compel

Also, in light of the findings above, Plaintiff's Motion to Compel the Clerk of Court to provide him with copies of the Order and Judgment entered on April 1, 2015 (ECF No. 48) is **GRANTED**. The Clerk is accordingly **ORDERED** to mail Plaintiff copies of the Order and Recommendation entered March 12, 2015 (ECF No. 37), this Court's Order on the Report and Recommendation (ECF No. 39), and the Judgment entered on April 1, 2015 (ECF No. 40). The Court's findings above, however, render Plaintiff's Motion for Subpoena (ECF No. 46) **MOOT**; and because there is no evidence other than Plaintiff's mere suspicion that the Clerk's Office conspired with Defendants to deny him copies of the dismissal order, his Motion to Compel Clerk to Produce Exhibits (ECF No. 43) is **DENIED**.

## IV.     Motion for Appointment of Counsel

Plaintiff has moved for the appointment of counsel in this case multiple times (*See e.g.*, ECF No. 3, 23) and again moved for the appointment of counsel in this case

5

post-judgment (EFC No. 42-3).  Because the appeal has already been docketed in this case, the Court will construe the motion as a motion for counsel on appeal.

As Plaintiff is surely aware, there is "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit.  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

The Court has now considered Plaintiff's most-recent request for counsel and finds that, at this time, the essential facts and legal doctrines relevant to his appeal are ascertainable by Plaintiff without the assistance of court-appointed counsel and that Plaintiff has not otherwise shown the existence of exceptional circumstances warranting the appointment of counsel.   Plaintiff's Motion is accordingly **DENIED**.

## V.     Conclusion

For those reasons stated herein, Plaintiff's Notice of Appeal (EFC No. 44) is also construed as a motion to reopen the time for appeal: that motion is **GRANTED** and his Notice of Appeal is deemed timely.  Plaintiff's Motion to Proceed *in forma pauperis* on Appeal (ECF No. 49) and Motion to Compel (ECF No. 48) are also **GRANTED**.

Plaintiff's Motion for Subpoena (ECF No. 46) is, however, deemed **MOOT**, and his Motion to Compel Clerk to Produce Exhibits (ECF No. 43) is **DENIED**.

      **SO ORDERED**, this 14th day of July, 2015.

      <u>***s/ Hugh Lawson***_____</u>
      HUGH LAWSON, SENIOR JUDGE